IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ISHMAEL TIBBS | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv389 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner James Ishmael Tibbs, an inmate confined at the Scott Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this petition for writ of habeas corpus.

Procedural Background

In 1994, in cause number 60405, petitioner was convicted of aggravated sexual assault in the 252nd District Court of Jefferson County, Texas. He was sentenced to 19 years imprisonment.

Analysis

On April 26, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") was enacted. Section 106 of the AEDPA, which is codified at 28 U.S.C. 2244(b)(3)(A), provides, in part, that "[b]efore a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application."[1]

This court previously dismissed a petition for writ of habeas corpus filed by petitioner. The prior petition, *Tibbs v. Johnson*, civil action number 1:97cv433, was dismissed on the merits on February 24, 2000. The United States Court of Appeals for the Fifth Circuit subsequently denied petitioner's request for a certificate of appealability.

As petitioner filed a prior petition for writ of habeas corpus concerning the conviction of which he complains, the current petition is a second or successive petition. Petitioner does not state the Fifth Circuit has granted him leave to file a successive petition. Accordingly, this petition must be dismissed. The dismissal is without prejudice to petitioner's

---

[1] The court of appeals is directed to authorize a district court to consider a successive petition only if the petitioner makes a *prima facie* showing either: (a) the claim relies on a new rule of constitutional law which the Supreme Court has made retroactive to cases on collateral review or (b) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable finder of fact would have found the petitioner guilty.

Prior to the enactment of the AEDPA, a district court could consider a successive petition unless it determined the petition constituted an abuse of the writ. Under the AEDPA, the "gate keeping" function for successive petitions is performed by the court of appeals rather than the district court.

ability to ask the Fifth Circuit for leave to file a successive petition.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed as successive. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **28** day of **May, 2009.**

_____
Thad Heartfield
United States District Judge